FILED
AUG - 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WOODIE JOHNSON * | |
| Plaintiff * | |
| v. * | Case: 1:07-cv-01400 |
| DR. HARVEY KAPLAN * | Assigned To : Urbina, Ricardo M. |
| SHARON KAPLAN | Assign. Date : 8/1/2007 |
| DR. MICHAEL WEINBERG * | Description: Contract |
| d/b/a CONTINUUM, CONTINUUM | |
| ASSOCIATES, CONTINUUM * | |
| GROUP, CONTINUUM LEGAL, | |
| FINANCIAL, NURSING * | |
| Defendant(s) * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Dr. Harvey Kaplan, Sharon Kaplan, Dr. Michael Weinberg d/b/a Continuum, Continuum Associates, Continuum Group, Continuum Legal, Financial, Nursing ("Defendant(s)"), by their attorneys, pursuant to 28 U.S.C. §1441 et. seq., give notice of the removal of claims pending against Defendant(s) in the Superior Court for the District of Columbia. In support of this Notice, Defendant(s) respectfully state as follows:

1.   A civil action entitled Woodie Johnson v. Dr. Harvey Kaplan, et al., Civil Action No. 07-0005021 was commenced against Defendant(s) in the Superior Court for the District of Columbia. Copies of the Summons and the Complaint are attached hereto as Exhibit A. Defendant(s) have not filed any pleadings or other papers in that action and, upon information and belief, no pleadings other than the Summons and Complaint have been filed in the action.

CF\3141msc.1
July 31, 2007

2. The action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332 and is therefore a civil action which may be removed to this Court by the Defendant(s) pursuant to 28 U.S.C. §1441(a) because:

A. The Complaint seeks damages which are in excess of $75,000, exclusive of interest and costs, and the matter in controversy is otherwise in excess of $75,000, exclusive of interest and costs.

B. Plaintiff alleges in the Complaint that he was, at the time the Complaint was filed, and is now, a resident citizen of the District of Columbia.

C. At the time the Complaint was filed, and at all times since then, Defendant(s) were Maryland corporation(s) organized and existing under the laws of the State of Maryland, with their principal place(s) of business in McLean, Virginia, as alleged by Plaintiff in the Complaint. Therefore, Defendant(s) are not citizens of the District of Columbia.

D. Accordingly, the Plaintiff and the Defendant(s) are citizens of different states, and diversity of citizenship exists between the parties.

3. Defendant(s) received copies of the Summons and Complaint on July 25, 2007, and 30 days have not expired since Defendant(s)' receipt of the Summons and Complaint.

WHEREFORE, Defendant(s) remove Civil Action No. 2007-CA 005021 B, now pending against it/them in the Superior Court for the District of Columbia, to this Court.

Respectfully submitted,

*(signature)*
Christopher M. Feldenzer
D.C. Bar No. 431477

CF\3141msc.1
July 31, 2007

2

_____
Jeffrey Rockman

SEROTTE, ROCKMAN & WESCOTT, P.A.
Mercantile-Towson Building
409 Washington Avenue, Suite 610
Baltimore, Maryland 21204
(410) 825-7900

Attorneys for Defendant(s)

### CERTIFICATE OF SERVICE

I CERTIFY that on this 1st day of August, 2007, a copy of the foregoing Notice of Removal was mailed, postage prepaid, by first class mail to Woodie Johnson (Pro Se), 1618 Swann Street, N.W., Washington, D.C. 20009.

_____
Christopher M. Feldenzer



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

WOODIE JOHNSON
Vs.
Dr HARVEY KAPLAN

C.A. No.   2007 CA 005021 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge RONNA L BECK
Date: July 19, 2007
Initial Conference: 9:30 am, Friday, October 26, 2007
Location: Courtroom 518
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

07 1400

**FILED**
AUG - 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT A

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

Woodie Johnson
1615 Swann St NW
Washington DC 20009   Plaintiff

vs.

Civil Action No. 07-0005021

Dr Michael Weinberg
1651 Old Meadow Rd   Defendant
ste 600
McLean, Va. 22102

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Woodie Johnson
**Name of Plaintiff's Attorney**

1615 Swann St NW
**Address**
Washington DC 20009

202-4875261
**Telephone**

By _____
Deputy Clerk

Date 7/19/07

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

Woodie Johnson
1618 Swann Street NW
Washington, DC 20009

    Plaintiff,
v.

Dr. Harvey Kaplan
Sharon Kaplan
Dr. Michael Weinberg

    D/b/a
Continuum, Continuum Associates, Continuum Group
Continuum Legal, Financial, Nursing et al.

    Defendant(s).

Civil Action

07-0005021

RECEIVED
Civil Clerk's Office
JUL 1 9 2007
Superior Court of the
District of Columbia
Washington, D.C.

## Complaint

**AND NOW COMES** Woodie Johnson, pro se, and a resident of the District of Columbia, who avers the following:

1. Woodie Johnson was hired as a legal recruiter on April 15, 2005 by Continuum Legal at a base salary of $60,000.
2. Woodie Johnson is a graduate of Georgetown University Law Center and at all times a member of the Pennsylvania Bar.
3. Defendant(s) is a Maryland resident and a Maryland Corporation engaged in several temporary and permanent hire businesses that do business in the District of Columbia.
4. The principal office location for all matters is in McLean, Virginia.

### COUNT ONE   Quantum Meruit

5. Plaintiff was hired to do a specific job of recruiting legal personnel.
6. Shortly after my arrival, Plaintiff was asked to take on additional responsibilities. Plaintiff was promised additional compensation in accordance with the level of responsibility and advanced training required for the position but was never compensated for such.

7. Defendant employed, Rich Mathers, Esq. in the same capacity until I arrived and paid him significantly and specifically $20,000 for the additional duties.
8. Defendant failed to pay for those services and as such the Plaintiff is due more than $25,000.

## COUNT TWO  Wrongful Termination

9. Plaintiff incorporates by reference herein the allegations contained in Count 1 portion of this Complaint as if fully set forth.
10. I was wrongfully terminated for doing my job. Defendant retaliated against me for not wanting to break the law nor go along with the institution of frivolous legal matters to appease his vindictive behavior.
11. Plaintiff discovered several irregularities in the manner in which employees were compensated and when brought to the attention of the defendants was told not to "concern myself". I knew those matters were criminal in nature and wanted to as a part of my duties rectify them, but was terminated instead.

## COUNT THREE Breach of Contract

12. Plaintiff incorporates by reference herein the allegations contained in Count 1 and Count 2 of this Complaint as if fully set forth.
13. Plaintiff worked for almost a year trying to be fully compensated and was given a conditional letter of termination March 1, 2006. The letter stated that I must sign the new terms of employment or be terminated immediately.
14. On the same day I made a counter-offer of employment where my services would be part-time with a guarantee of $30,000 for my new duties. Defendant accepted the new terms and I continued employment based upon the new contract of March 6, 2006. For more than 2 months I performed legal duties in accordance with my new contract and was compensated accordingly.
15. On July 19, 2006 I was terminated, effective the following day.
16. The Defendant failed to honor the terms of the Contract of March 6, 2006 and as such owes me $30,000.

WHEREFORE, Plaintiff demands judgment against Defendant(s) in an amount sufficient to compensate Plaintiff for my injuries and damages, as allowed by law as well as costs for having to file this matter.

Woodie Johnson, III

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing COMPLAINT has been served upon all parties, on the 18th day of July 2007 by depositing it in the United States Mail. Postage prepaid, addressed as follows:

Harvey Kaplan, owner
Sharon Kaplan, owner
10101 Ormond Rd.
Potomac, MD 20854
And
Continuum Group
1651 Old Meadow Road
Ste. 600
McLean, Virginia 22102

Michael Weinberg, owner
Geri Matthiesen, President of Continuum Group
1651 Old Meadow Road
Ste. 600
McLean, Virginia 22102
And **HAND DELIVERED**

Woodie Johnson, III

3/1/2006

Dr. Michael Weinberg
Dr. Harvey Kaplan
1700 Old Meadow Road
McLean, Virginia 22102

Dear Michael and Harvey:

    I am in receipt of your letter dated today and I must say that I am somewhat dumbfounded by your proposal. The truth of the matter is I have not been acting in the capacity of a legal recruiter for quite some time. So the termination of that position does not have an effect on me at this point. What I am most disturbed by is the manner in which this matter is being brought to my attention. I think it is a cowardly act that Mike you took the initiative in this matter where you have been so very hands off with all other aspects of my tenure. It is clear to me that one hand does not communicate with the other honestly or effectively. I propose that for the money you are offering I will be General Counsel for 1 full time day a week (8 hours). I believe it will be fair to both parties.

    Whereas I appreciate your adhering to the fact that my employment is at will; I think it is also fair to point out that my position has come with a number of promises and assurances that have not been honored. I took over as General Counsel within a month of my beginning employment here because the person you had in the position had lost the confidence of those he serviced. I was told that I would be compensated accordingly for the change in duties. If you honor those commitments I would be very pleased. It is further clear to me that now you want to further reduce my pay by 50% based on a legal recruiters salary. I find this unacceptable and expect that you will honor the agreement in place until a suitable deal is made.

    I can not help but believe that my change of duties and pay are a direct result of my trying to make this company act in a legal and responsible manner toward its employees. I also know that my not being willing to participate in bogus lawsuits and badgering tactics have led both you and Harvey not to hold me in favor. I do not apologize for that. I have been here for a short time and I see that you must go along to get along but in this case my standing up for myself and others means I must be gotten rid of. I assure you the problems will persist unless they are handled in a more professional manner.

Respectfully,

Woodie Johnson, III

March 2, 2006

# EMPLOYMENT AGREEMENT

This revised employment agreement is made this 2nd day of March, 2006 by and between The Continuum Group and Woodie Johnson, III.

WHEREAS, Woodie Johnson, III is currently acting in the capacity of General Counsel trained in disciplines that include law, policy and business advancement and will continue in that capacity on an abridged and guaranteed basis and

WHEREAS, Continuum is engaged in several sale and marketing consulting services (legal, financial, nursing) and

WHEREAS, both parties have negotiated additional terms to their current employment relationship and consideration of this is the changing of both compensation and duties,

NOW THEREFORE, in consideration of the foregoing, Employer and Employee mutually understand and agree as follows with respect to the negotiated employment relationship hereby established;

1. Compensation.

    For the purposes of this section all compensation schedules previously negotiated and promised are null and void and this agreement is substituted for the one year term of the contract. Employee shall receive a minimum stipend of Thirty-Six Thousand and 00/100 Dollars ($36,000.00) per annum.

2. Insurance.

    All Premises liability, Workers Compensation and Professional Liability shall remain in effect for the term of this agreement.

3. Benefits.

    Employer agrees to provide employee with the same benefits currently provided under the existing relationship.

4. Termination.

    Employer may terminate this agreement only for cause. In the event it is terminated early then the whole contract period payment will immediately become due and payable.

Employee may terminate this agreement only upon 60 days written notice and a return of any and all materials belonging to Continuum. In the event Employee gives notice he will not be allowed to disclose any confidential information learned about Continuum, its principals or business practices so long as not compelled to do so by a valid Court of competent jurisdiction for a period of one (1) year.

5. Entire Agreement.

This Agreement represents a negotiated change in duties. Both parties agree that any and all promises and covenants made in former arrangements will not survive this new Agreement. Any conflict between this Agreement and prior Agreements whether written or oral shall be resolved in favor of this Agreement.

This Agreement may only be modified in writing with the consent of all parties hereto.

WHEREFORE, the parties hereto, Employer and Employee, set their hands to this Agreement on the date first above written.

Employer: The Continuum Group

_____
Harvey M. Kaplan

Employee:

_/s/ Woodie Johnson III_____
Woodie Johnson, III Esq.



FINANCIAL ✶ LEGAL ✶ TECHNOLOGY

*"The Candidates Connection, The Clients Solution"*

**DATE:**   July 19, 2006

**TO:**   Woodie Johnson
1618 Swann St. NW
Washington, DC  20009

**RE:**   Employment

Effective Thursday, July 20, 2006 you are hereby terminated from your job at Continuum Legal.   Joe Green and Chris Walker will be acting as my agents and I will be available Friday, July 21, 2006 if you wish to discuss this matter with me.

Harvey M. Kaplan, D.P.M.

cc:  Joe Green, Chris Walker

HMK/gm

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

1́⁴/1-1400
RMU

## I (a) PLAINTIFFS

Woodie Johnson
1618 Swann Street, N.W.
Washington, D.C. 20009

1/09

## DEFENDANTS

Dr. Harvey Kaplan, Sharon Kaplan, Dr. Michael Weinberg
d/b/a Continuum, Continuum Associates, Continuum Group,
Continuum Legal, Financial, Nursing, et al.

88850

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)   Montg. Cnty. MD
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

PRO SE

Case: 1:07-cv-01400
Assigned To : Urbina, Ricardo M.
Assign. Date : 8/1/2007
Description: Contract

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
⊙ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ⊙ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ⊙ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ⊛ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

— ⊙ —

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ⊗ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ○ 1 Original Proceeding
- ⊙ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. Sections 1332, 1441 - Removal of contract and tort (wrongful termination) claims.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 75,000.00+   JURY DEMAND: YES ☐  NO ☒

Check YES only if demanded in complaint

**VIII. RELATED CASE(S) IF ANY**   (See instruction)  YES ☐   NO ☒   If yes, please complete related case form.

DATE August 1, 2007   SIGNATURE OF ATTORNEY OF RECORD  [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.