IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WOODIE JOHNSON | * |
|     **Plaintiff** | * |
| v. | * |
| DR. HARVEY KAPLAN | *   CIVIL ACTION NO.: 07-CV-01400 (RMU) |
| SHARON KAPLAN | |
| DR. MICHAEL WEINBERG | * |
| d/b/a CONTINUUM, CONTINUUM | |
| ASSOCIATES, CONTINUUM GROUP, | * |
| CONTINUUM LEGAL, FINANCIAL, | |
| NURSING | * |
|     **Defendant(s)** | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT(S)' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
OR IN THE ALTERNATIVE, FOR PARTIAL DISMISSAL**

Pursuant to Rules 12(b)(3) and (6) of the Federal Rules of Civil Procedure, Dr. Harvey Kaplan, Sharon Kaplan, Dr. Michael Weinberg d/b/a Continuum, Continuum Associates, Continuum Group, Continuum Legal, Financial, Nursing (hereafter "Defendant(s)"), by and through their undersigned attorneys, move this Court to: (1) dismiss Plaintiff's Complaint under Rule 12(b)(3) for improper venue pursuant to 28 U.S.C. §1391; or in the alternative (2) dismiss the wrongful termination claim under Rule 12(b)(6) since it necessarily and improperly discloses privileged attorney-client communications in violation of the applicable Code of Professional Responsibility; and/or (3) dismiss all the remaining claims against all Defendants other than Continuum Legal since the Complaint fails to allege any conduct that would form the basis for any claim with respect to the remaining Defendant(s).

CF\3141msc.3
August 9, 2007

The facts and law which support the above-stated grounds for dismissal are set forth more fully in the Memorandum in support of this motion filed herewith.

WHEREFORE, Defendant(s) respectfully request that Plaintiff's Complaint be dismissed, or in the alternative, that the Complaint be partially dismissed with respect to the wrongful termination claim and with respect to those Defendants other than Continuum Legal.

Respectfully submitted,

_____
Christopher M. Feldenzer
D.C. Bar No. 431477

_____
Jeffrey Rockman

SEROTTE, ROCKMAN & WESCOTT, P.A.
Mercantile-Towson Building
409 Washington Avenue, Suite 610
Baltimore, Maryland 21204
(410) 825-7900;(410) 825-7913 (fax)

Attorneys for Defendant(s)

CF\3141msc.3
August 9, 2007

## CERTIFICATE OF SERVICE

I CERTIFY that on this 9th day of August, 2007, a copy of the foregoing Defendant(s)' Motion to Dismiss Plaintiff's Complaint, Accompanying Memorandum was mailed, postage prepaid, by first class mail to Woodie Johnson (Pro Se), 1618 Swann Street, N.W., Washington, D.C. 20009.

_____
Attorneys for Defendant(s)

CF\3141msc.3
August 9, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WOODIE JOHNSON | * | |
| **Plaintiff** | * | |
| v. | * | |
| DR. HARVEY KAPLAN | * | CIVIL ACTION NO.: 07-CV-01400 (RMU) |
| SHARON KAPLAN | | |
| DR. MICHAEL WEINBERG | * | |
| d/b/a CONTINUUM, CONTINUUM | | |
| ASSOCIATES, CONTINUUM GROUP, | * | |
| CONTINUUM LEGAL, FINANCIAL, | | |
| NURSING | * | |
| **Defendant(s)** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF
### DEFENDANT(S)' MOTION TO DISMISS COMPLAINT
### OR IN THE ALTERNATIVE, FOR PARTIAL DISMISSAL

Dr. Harvey Kaplan, Sharon Kaplan, Dr. Michael Weinberg d/b/a Continuum, Continuum Associates, Continuum Group, Continuum Legal, Financial, Nursing ("Defendant(s)"), by and through their undersigned attorneys, Christopher M. Feldenzer and Jeffrey Rockman, submit this memorandum in support of their Motion to Dismiss and state as follows:

### INTRODUCTION

This civil action arises out of the termination of Plaintiff Woodie Johnson ("Plaintiff" or "Johnson") from his employment with Defendant Continuum Legal ("Defendant Legal"). Plaintiff's

Complaint[1] alleges that Defendant(s): (1) failed to compensate him for certain job responsibilities in addition to his recruiting responsibilities (quantum meruit claim); (2) terminated him for "not wanting to break the law nor (sic) go along with the institution of frivolous legal matters (wrongful termination claim); and (3) failing to honor the terms of a March 6, 2006 "contract" (breach of contract claim). This suit was initially filed in the Superior Court for the District of Columbia and was removed to this Court by Defendant(s) on August 1, 2007, on the grounds of diversity of citizenship among the parties. 28 U.S.C. §§ 1332 and 1441.

As set forth below, dismissal pursuant to FRCP Rule 12 (b)(3) is appropriate because venue is improper in the District of Columbia. None of the Defendant(s) reside in the District of Columbia and none of the alleged events or omissions giving rise to Plaintiff's claims occurred in the District of Columbia. In addition, Plaintiff's wrongful termination claim should be dismissed because it is precluded by the District of Columbia's Code of Professional Responsibility insofar as Plaintiff's maintenance of this lawsuit necessarily and improperly discloses privileged attorney-client communications. Last, dismissal is proper pursuant FRCP Rule 12(b)(6) with respect to all of the individual defendants and all of the business entities other than Defendant Legal since Plaintiff's sole allegation is that he was employed as a Legal Recruiter for Defendant Legal and there are no factual averments in the Complaint with respect to any of the other Defendant(s).

---

[1] References to the Complaint are: (Cp. ¶ __).

## FACTS

None of the listed Defendant(s)[2] are individuals that reside in the District of Columbia. As alleged in the Complaint, "Defendant(s) is (sic) a Maryland resident and a Maryland [c]orporation and the principal office location for all matters is in McLean, Virginia." (Cp. ¶¶ 3,4). The Complaint contains no allegations that any of the events that form the basis for any of the claims occurred in the District of Columbia. In that regard, Plaintiff alleges that "the principal office location for all matters is in McLean, Virginia." (Cp. ¶ 4). Plaintiff alleges that he was hired to do legal recruiting (Cp. ¶ 5) and that he undertook additional legal responsibilities (Cp. ¶ 6). There are no allegations in the Complaint that Plaintiff's legal recruiting or assumption of "additional responsibilities" occurred in the District of Columbia.

## ARGUMENT

I.  This Action Must Be Dismissed for Improper Venue.

This action must be dismissed pursuant to Fed.R.Civ.P. 12(b)(3) because of improper venue. In a diversity case such as this case, venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; ... or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a).

---

[2] Plaintiff's complaint is entirely unclear as to which of the listed individuals or business entities in the caption are properly considered Defendants. For purposes of this motion, Defendant(s) will assume that the allegations in Plaintiff's complaint are asserted against all three individual defendants, i.e. Harvey Kaplan, Sharon Kaplan and Michael Weinberg. As set forth below, Defendant(s) contend that the only proper defendant is Defendant Legal.

CF\3141msc.5
August 9, 2007                                    3

None of the venue provisions for diversity actions are met here. 28 U.S.C. § 1391(a). Proper venue cannot be found pursuant to the first basis for venue under section 1391(a)(1) because there is no allegation that any of the "Defendant(s)" resides in the District of Columbia. Plaintiff alleges that "Defendant(s) is a Maryland resident and a Maryland [c]orporation." (Cp. ¶ 3) and that "[t]he principal office location for all matters is in McLean, Virginia" (Cp. ¶ 4). As to the second basis for venue under section 1391(a), there is no allegation in the Complaint that any of the actions or omissions that form the basis for Plaintiff's three claims transpired in the District of Columbia concerning his employment with Defendant Legal in McLean, Virginia. 28 U.S.C. § 1391(a)(2). Last, there is no allegation in the Complaint that this action could not be brought in any other district and therefore the third alternative venue provision under section 1391(a) has not been met. *Buchanan v. Manley*, 145 F.3d 386, 389 (1998). Accordingly, this action should be dismissed for improper venue because Plaintiff has failed to meet any of the three alternative provisions for proper venue under 28 U.S.C. § 1391(a) and these are the only possible bases for proper venue in an action where, as here, jurisdiction is premised exclusively upon diversity. Indeed, the only apparent reason for Plaintiff bringing this action in the District is that he resides there.

II. <u>Plaintiff's Wrongful Termination Claim Must Be Dismissed Because It Improperly Discloses Privileged Attorney-Client Communications</u>.

Plaintiff's claim of wrongful termination must also be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). While the District of Columbia has not ruled on this question, jurisdictions with comparable rules governing attorney-client privilege preclude or restrict the ability of in-house counsel to assert wrongful discharge claims. For example, in Illinois, in-house attorneys are completely barred from bringing wrongful discharge claims. *See e.g., Balla v. Gambro*, 145 Ill.2d

492, 164 Ill.Dec. 892, 584 N.E.2d 104 (1991); *Ausman v. Arthur Andersen, LLP*, 348 Ill.App.3d 781, 284 Ill.Dec. 776, 810 N.E.2d 566 (2004); and *Herbster v. North American Co. for Life & Health Ins.*, 150 Ill.App.3d 21, 103 Ill.Dec. 322, 501 N.E.2d 343 (1986).

The Illinois court in *Balla* decided not to extend the tort of retaliatory discharge to in-house counsel because it "would have an undesirable effect on the attorney-client relationship that exists between these employers and their in-house counsel." 164 Ill.Dec. 892, 584 N.E.2d 108-11. The court opined that allowing former in-house counsel to sue an employer for employment related claims would cause the employer-client to be hesitant to turn to counsel for advice. *Id.*, 164 Ill.Dec. 892, 584 N.E.2d at 109. This same rationale applies to Plaintiff's wrongful termination claim here.

Plaintiff's Complaint alleges that after being hired to recruit legal personnel (Cp. ¶ 5), he was asked to take on "additional responsibilities" (Cp. ¶ 6), including, as set forth in the letter attached to the Complaint, the position of General Counsel. In addition, Plaintiff's "wrongful termination" claim alleges that Defendant "retaliated against [him] for not wanting to break the law nor go along with the institution of frivolous *legal matters*" (Emphasis supplied.) (Cp. ¶ 10). Plaintiff's Complaint also alleges that Plaintiff "discovered several irregularities in the manner in which employees were compensated and when brought to the attention of defendants was told not to 'concern [him]self.'" (Cp. ¶ 11). Thus, the core of Plaintiff's wrongful termination claim concerns Plaintiff's advice and counsel to Defendant(s) regarding legal matters protected by the attorney-client privilege.

Here, the applicable rule under the District of Columbia Rules of Professional Responsibility Rule 1.6, like that in Illinois, provides that attorneys shall *only* reveal client confidences and secrets "to the extent reasonably necessary to establish a defense to a criminal charge, disciplinary charge,

August 9, 2007

5

or civil claim, formally instituted against the lawyer, based upon conduct in which the client was involved, or the extent reasonably necessary to respond to specific allegations by the client concerning the lawyer's representation of the client." Thus, there is no exception under the District of Columbia Rules to the attorney-client privilege that would permit a lawyer to pursue a non-fee-related civil claim against a client, including a wrongful termination claim such as here. *Cf. e.g., Spratley v. State Farm Mut. Auto. Ins. Co.*, 78 P.3d 603 (Utah 2003) ; *Kachmar v. SunGard Data Systems, Inc.*, 109 F.3d 173 (3rd Cir. 1997). Accordingly, since Plaintiff's pursuit of a wrongful termination claim would necessarily violate attorney-client privileged communications in violation of Rule 1.6, Plaintiff's claim of wrongful termination should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

III.  The Complaint Fails to State a Claim with Respect to Defendants Dr. Harvey Kaplan, Sharon Kaplan, Dr. Michael Weinberg and those Individual Defendants Other than Continuum Legal.

It is unclear from Plaintiff's Complaint who the Defendants are in this action. The caption on the Complaint filed with the D.C. Superior Court lists three (3) individuals – Dr. Harvey Kaplan, Sharon Kaplan, and Dr. Michael Weinberg – as defendants "doing business as" Continuum, Continuum Associates, Continuum Group, Continuum Legal, Financial Nursing et al. However, none of the numbered averments in the Complaint identify which, if any, of the Defendant(s) is responsible for any of the three claims in the Complaint. In the introductory averments (Cp. ¶¶ 1-4) Plaintiff ambiguously alleges that "Defendant(s) is a Maryland resident and a Maryland [c]orporation engaged in several temporary and permanent hire businesses that do business in the District of Columbia" (Cp. ¶ 3) and that he was hired "by Continuum Legal" (Cp. ¶ 1). Beyond these initial allegations with respect to Defendant Legal, none of the remaining averments of the Complaint

identify any of the individual defendants or any of the business entities as responsible for any of the three claims. There are no specific allegations against any of the three individual Defendants – Dr. Harvey Kaplan, Sharon Kaplan and Dr. Michael Weinberg – including any allegations that Plaintiff had any employment relationship with these three individuals. Similarly, there are no allegations made with respect to any of the listed business entities other than Defendant Legal. Therefore, given the lack of any allegations identifying any of the Defendants other than Defendant Legal, all the claims in Plaintiff's Complaint should be dismissed with respect to the three individual Defendants and all the business entities other than Defendant Legal.

## CONCLUSION

For the foregoing reasons, this case should be dismissed for improper venue. In the alternative, the wrongful termination claim should be dismissed with respect to all Defendant(s) and/or the remaining claims should be dismissed with respect to all Defendant(s) other than Defendant Continuum Legal for failure to state a claim.

Respectfully submitted,

Christopher M. Feldenzer
D.C. Bar No. 431477

Jeffrey Rockman

SEROTTE, ROCKMAN & WESCOTT, P.A.
Mercantile-Towson Building
409 Washington Avenue, Suite 610
Baltimore, Maryland 21204
Phone: (410) 825-7900
Facsimile: (410) 825-7913

Attorney(s) for Defendant(s)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **WOODIE JOHNSON** | * | |
| **Plaintiff** | * | |
| v. | * | |
| **DR. HARVEY KAPLAN** | * | **CIVIL ACTION NO.: 07-CV-01400 (RMU)** |
| **SHARON KAPLAN** | | |
| **DR. MICHAEL WEINBERG** | * | |
| **d/b/a CONTINUUM, CONTINUUM** | | |
| **ASSOCIATES, CONTINUUM GROUP,** | * | |
| **CONTINUUM LEGAL, FINANCIAL,** | | |
| **NURSING** | * | |
| **Defendant(s)** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Upon consideration of Defendant(s)'s Motion to Dismiss, or in the alternative, for Partial Dismissal, and opposition and reply thereto, the Court finds that the Defendant(s)'s Motion to Dismiss, or in the alternative, for Partial Dismissal, should be granted.

**ACCORDINGLY,** it is hereby

**ORDERED,** that Defendant(s)'s Motion to Dismiss Plaintiff's Complaint is **GRANTED,** OR, in the alternative,

**ORDERED,** that Defendant(s)'s Motion for Partial Dismissal with respect to Plaintiff's wrongful termination claim, is **GRANTED,** OR, in the alternative

CF\3141msc.7
August 9, 2007

**ORDERED,** that Defendant(s)'s Motion for Partial Dismissal with respect to all Defendants other than Continuum Legal, is **GRANTED**.

**SO ORDERED,** this _____ day of _____, 2007.

_____
Ricardo M. Urbina
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WOODIE JOHNSON | * |
| Plaintiff | * |
| v. | * |
| DR. HARVEY KAPLAN<br>SHARON KAPLAN<br>DR. MICHAEL WEINBERG<br>d/b/a CONTINUUM, CONTINUUM<br>ASSOCIATES, CONTINUUM GROUP,<br>CONTINUUM LEGAL, FINANCIAL,<br>NURSING | * CIVIL ACTION NO.: 07-CV-01400 (RMU) |
| Defendant(s) | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT(S)'S LOCAL RULE 7(k) STATEMENT

Pursuant to Local Rule 7(k), the following are entitled to be served with orders, judgments and stipulations:

        Christopher M. Feldenzer
        Jeffrey Rockman
        SEROTTE, ROCKMAN & WESCOTT, PA
        409 Washington Avenue, Suite 610
        Baltimore, Maryland 21204
        (410) 825-7900

        Woodie Johnson (Pro Se)
        1618 Swann Street, N.W.
        Washington, D.C. 20009

CF\3141msc.6
August 9, 2007